No. 3731.—STATE OF LOUISIANA v. CHARLES SCOTT.

A witness in a criminal trial, who has first been examined in chief, consigned and cross-examined, may be again recalled and re-examined, by the party who first introduced him, upon points touching which he had not before testified.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn, J. S. Belden, Attorney General, for the State. J. G. White, for the accused.

HOWE, J. It appears, by a bill of exceptions, that upon the trial of the prisoner the State produced and examined a witness whom the defendant then cross-examined. The case for the State having been closed, the defendant desired to call the same witness for the defense,

but the State objected and the judge *a quo* sustained the objection.. We think the judge erred.

In the case of Duncan, 8 Rob. 563, it was said: "It is understood to be now the universal practice of the courts of this State in both civil and criminal proceedings to permit a witness, after having been examined in chief, consigned and cross-examined, to be again examined by the party introducing him upon points touching which he had not before testified; and subsequently to be recalled and interrogated in relation to facts material to the issue which had not been previously elicited either from inadvertence or ignorance that they were within the knowledge of the witness."

The statement by the judge *a quo* in the bill of exceptions that the witness had already been "cross-examined by the attorney for the prisoner until the patience of the court was exhausted," and that "the court said to the witness 'have you told all you know about this case?' and the witness said 'yes,'" can hardly suffice to take the cause out of the operation of this just rule. The time of a court can never be better employed than in hearing testimony for the defense in a criminal case; and the statement of the witness that she knew nothing more about the case could certainly be of no weight. Many facts which she may have deemed irrelevant might have proved to be very important.

It is therefore ordered that the judgment appealed from be reversed, the verdict set aside and the cause remanded for a new trial.